# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT MEYERS, | ) |
| | ) |
| Plaintiff, | ) 2:12-cv-1258 |
| | ) |
| v. | ) |
| | ) |
| THE CALIFORNIA UNIVERSITY OF PENNSYLVANIA, GREG HARRISON, RICHARD MIECZNIKOWSKI, JIM BOVÉ and SCOTT LLOYD, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER OF COURT

Pending before the Court is the PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER DENYING LEAVE TO RAISE AN ADDITIONAL CLAIM UNDER 42 U.S.C. § 1983 (ECF No. 56) filed by Robert Meyers with brief in support (ECF No. 57). Defendants The California University of Pennsylvania ("CalU"), Greg Harrison, Richard Miecznikowski, Jim Bové, and Scott Lloyd (collectively, the "Employee Defendants") filed a response in opposition (ECF No. 58). For the reasons that follow, the motion is **DENIED**.

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at length. The following is a brief recitation of the procedural history relevant to the issues presently before the Court.

Plaintiff filed a motion for leave to file a second amended complaint on March 19, 2014 in order to state an additional § 1983 claim against the Employee Defendants for their alleged violation of his right to free association. The gravamen of his claim is that Plaintiff suffered adverse employment actions (*e.g.*, the nonrenewal of his employment contract) for his association with and support for Professor Laura DeFazio who apparently championed gender

equality within the CalU Department of Art and Design.  Further, Plaintiff moved for leave so that he could remove the dismissed claims, aver that the Employee Defendants are being sued only in their individual capacities, and correct various misstatements and typographical errors.

Defendants opposed the substantive addition of the expressive association claim, but they did not object to the other proposed curative amendments.  To that end, they argued that the Court should deny the motion based on undue delay and prejudice to the Defendants.

By Memorandum Opinion and Order on April 11, 2014, the Court denied Plaintiff's request to add the additional cause of action but granted the motion to the extent that he sought to "clean up the pleading."  On April 21, 2014, Plaintiff filed his motion for reconsideration.  Defendants filed their response in opposition on May 1, 2014.  Accordingly, the motion is ripe for disposition.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).  It is well-established that a party must overcome a high hurdle to succeed in such a motion.  A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted.  *See id.*  Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for a losing party to ask the Court to rethink its decision.

Plaintiff contends that the Court's decision was erroneous because it improperly concluded that Defendants showed that they would suffer undue prejudice if he were granted leave to file an additional § 1983 claim.  In support, Plaintiff contends that Defendants had

constructive notice of his freedom of association claim because he also asserted a § 1983 claim premised on the purported violation of his First Amendment right to free speech. This argument strains credibility. Nevertheless, Plaintiff also notes that he does not contemplate introducing any additional documentary evidence, calling any witnesses other than those already identified in his initial disclosures, or reopening discovery to support his claim.

But Plaintiff does not cite to any change in controlling law or newly discovered evidence. Rather, he simply disagrees with the Court's analysis under the applicable Federal Rules of Civil Procedure and the exercise of its discretion, asking the undersigned to rethink the earlier decision. This is not a valid basis for granting a motion for reconsideration. Accordingly, the Court reaffirms its April 11, 2014 Memorandum Opinion and Order of Court.

**SO ORDERED**, this 7th day of May, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc:  James B. Lieber
Email: jlieber@lhhb-law.com
Jacob M. Simon
Email: jsimon@lhhb-law.com
Thomas M. Huber
Email: thuber@lhhb-law.com
Scott A. Bradley
Email: sbradley@attorneygeneral.gov

(via CM/ECF)